# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30851
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL DAVID GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-297-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Daniel David Garza appeals his conviction for conspiracy to distribute and to possess with intent to distribute five grams or more of methamphetamine actual and possession of a firearm in furtherance of a drug trafficking offense. He argues that the district court erred in denying his motion to suppress because the officer initiating the traffic stop did not have an objectively reasonable suspicion that a traffic violation occurred. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the video from the patrol unit did not show a traffic violation prior to the officer initiating the stop.  Garza argues that the officer's testimony that he did not activate the patrol unit's lights and video recorder immediately upon observing the traffic violation due to safety concerns was not credible.

Having reviewed the record, we conclude that the officer's testimony is not "so unbelievable on its face that it defies physical laws."  *See United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992) (internal quotation marks and citation omitted).  Likewise, Garza's arguments do not suffice to permit a "definite and firm conviction" that the magistrate judge and the district court erred in finding the officer's testimony credible.  *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted).  Viewing the evidence in the requisite light most favorable to the Government, we conclude that the officer's decision to conduct a traffic stop was justified at its inception because the officer had reasonable suspicion that the driver committed a traffic violation.  *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010); *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.